IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

WISCONSIN RIGHT TO LIFE COMMITTEE,
INC. and WISCONSIN RIGHT TO LIFE STATE
POLITICAL ACTION COMMITTEE,

       Plaintiffs,

    v.                                   Case No. 10-C-0669

GORDON MYSE, in his official capacity as chair
and member of the Wisconsin Government
Accountability Board; THOMAS BARLAND, in his
official capacity as vice chair and member of the
Wisconsin Government Accountability Board;
MICHAEL BRENNAN, THOMAS CANE, DAVID
DEININGER, and GERALD NICHOL, in their
official capacities as members of the Wisconsin
Government Accountability Board; and JOHN
CHISHOLM, in his official capacity as Milwaukee
County district attorney,

       Defendants.

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO ABSTAIN AND STAY

Defendants Gordon Myse, Thomas Barland, Michael Brennan, Thomas Cane, David Deininger, Gerald Nichol, and John Chisholm (collectively, "Defendants"), by their undersigned counsel, respectfully submit this brief in support of their motion to abstain and stay. Defendants request that if the Court orders a hearing or oral argument on their motion that the hearing be conducted by telephone conference.

Defendants request that the Court set a briefing schedule on this Motion and further request that Defendants' Reply be due no earlier than September 15, 2010. Defendants also

request that, if the Court denies the instant Motion, that they be allowed at least twenty-one (21) days after the Court's Order to submit a brief in opposition to Plaintiffs' Preliminary Injunction Motion (Dkt. #3).

**INTRODUCTION**

Plaintiffs Wisconsin Right to Life Committee, Inc.[1] and Wisconsin Right to Life State Political Action Committee (collectively, "Plaintiffs") have filed an action challenging provisions of Chapter 11 of the Wisconsin Statutes and of the Wisconsin Administrative Code that govern entities engaging in campaign-related speech. Plaintiffs' Verified Complaint pleads 12 counts and asserts that Wisconsin law is unconstitutional because it violates the First and Fourteenth Amendments to the United States Constitution. Four of the 12 counts, namely, Counts 1, 2, 4, and 12, challenge the validity of Wis. Admin. Code § GAB 1.28 ("GAB 1.28").

The Wisconsin Government Accountability Board ("G.A.B.") recently amended GAB 1.28, effective August 1, 2010. G.A.B.'s amendment of GAB 1.28 has spawned three lawsuits challenging the validity of GAB 1.28 on various grounds: (1) this action; (2) *Wisconsin Club for Growth, Inc. v. Myse*, Case No. 10-CV-427 (W.D. Wis.) (hereinafter, "*WCG*"); and (3) *Wisconsin Prosperity Network, Inc. v. Myse*, Case No. 2010AP1937-OA (Wis. Sup. Ct.), an original action in the Wisconsin Supreme Court (hereinafter, "*WPN*"). Copies of the Complaint in *WCG* and the Petition for Leave to Commence Original Action and supporting Memorandum in *WPN* have been filed herewith as Exhibits 1, 2, and 3, respectively, to the Affidavit of Clayton P. Kawski (hereinafter, "Kawski Aff.").

---

[1] As Defendants asserted in their Answer to Plaintiffs' Verified Complaint, "Wisconsin Right to Life Committee, Inc." is not a proper party because it does not exist. There is no such registered corporation in Wisconsin.

Plaintiffs have asked the Court to determine that GAB 1.28 is unconstitutional and have requested that GAB 1.28 be preliminarily, and then permanently, enjoined. (Verified Compl., Dkt. #1, ¶¶ 126, 127, 134.) The Court should abstain from exercising its jurisdiction to determine the constitutionality of GAB 1.28. The Wisconsin Supreme Court will soon determine whether to take the *WPN* original action, which will decide the validity of GAB 1.28 and construe the amended rule for the first time. It would be imprudent for this Court to rule on the constitutionality of GAB 1.28 when the state's highest court is likely to resolve the very same issues in *WPN*. Instead, this Court should abstain from exercising its jurisdiction over Plaintiffs' case while *WPN* is pending in the Wisconsin Supreme Court. Abstention preserves judicial and party resources, and protects the court against unnecessarily reaching federal constitutional questions that could conflict with the Wisconsin's highest court's interpretation and construction of state law.

Additionally, the parties in the *WCG* matter have negotiated a proposed settlement that seeks to have the Court permanently enjoin a portion of GAB 1.28 that the plaintiffs in the instant case have also challenged. Judge William Conley of the United States District Court for the Western District of Wisconsin has not yet entered the parties' stipulated permanent injunction. Thus, there are two actions pending before other courts concerning the validity and enforceability of GAB 1.28. Accordingly, the Court should grant Defendants' motion, abstain from exercising its jurisdiction, and stay this case until *WPN* is resolved.

## BACKGROUND

Plaintiffs filed their Verified Complaint on August 5, 2010, asserting twelve separate counts challenging the constitutionality of various provisions of Wisconsin campaign finance law.

Specifically, Plaintiffs' Verified Complaint asserts that the following state laws are unconstitutional as applied to Plaintiffs or facially, in whole or in part:

- Wis. Stat. § 11.01(4)
- Wis. Stat. § 11.01(16)
- Wis. Stat. §§ 11.06(1)(a), (b), (d), (g), and (h)
- Wis. Stat. § 11.06(7)
- Wis. Stat. §§ 11.12(5), (6)
- Wis. Stat. § 11.26(4)
- Wis. Stat. § 11.38(1)(a)3.
- Wis. Admin. Code § GAB 1.28
- Wis. Admin Code § GAB 1.42(5)
- Wis. Admin Code § GAB 1.91

The focus of this motion is GAB 1.28. Counts 1, 2, 4, and 12 of Plaintiffs' Verified Complaint assert that GAB 1.28, as amended effective August 1, 2010, is unconstitutional. Count 1 asserts that the following language in GAB 1.28 is unconstitutionally vague and overbroad: (1) "primarily to influence elections" in GAB 1.28(1)(a); (2) "persons other than political committees" in GAB 1.28(2); and (3) "[s]upports or condemns" in GAB 1.28(3)(b)2 and 3. (Verified Compl., Dkt. #1, ¶¶ 75-82.) Count 2 asserts that the language "persons other than political committees" in GAB 1.28(2) is overbroad and fails strict scrutiny. (Verified Compl., Dkt. #1, ¶¶ 84-94.) Count 4 asserts that GAB 1.28 unconstitutionally imposes "political committee" burdens on Plaintiffs and fails exacting scrutiny. (Verified Compl., Dkt. #1, ¶¶ 96-104.) Finally, Count 12 challenges GAB 1.28 on vagueness and overbreadth grounds and purports to assert a facial overbreadth challenge. (Verified Compl., Dkt. #1, ¶¶ 122-124.) Plaintiffs have sought a declaratory judgment and preliminary injunction enjoining the enforcement of GAB 1.28. (Dkt. #3, 4.)

Plaintiffs' Verified Complaint also asserts eight counts that do not directly challenge the validity of GAB 1.28, but whose determination may ultimately be affected by the litigation in *WPN* and *WCG*. (*See* Verified Compl., Dkt. #1, Counts 3, 5-11.)

On August 9, 2010, after the instant action was filed, several individuals and groups filed a petition for leave to commence an original action and a supporting memorandum in the Wisconsin Supreme Court also challenging the validity of GAB 1.28. (*See* Kawski Aff., Exs. 1, 2.) The *WPN* case seeks to have the Wisconsin Supreme Court address the following issues:

> 19. Whether GAB 1.28 violates the Wisconsin Constitution, Article I, Section 3.
>
> 20. Whether GAB 1.28 violates the First Amendment of the United States Constitution.
>
> 21. Whether GAB 1.28 is *ultra vires* as an administrative rule not otherwise authorized by Wisconsin Statutes.
>
> 22. Whether GAB 1.28 is *ultra vires* as an administrative rule contrary to Wisconsin Statutes.
>
> 23. Whether this Court should enter a [sic] Declaratory Relief consistent with its conclusions, or should otherwise act to enjoin the Government Accountability Board and others from enforcing GAB 1.28 during the pendency of this action.

(Kawski Aff., Ex. 2 at p. 9.)

The petitioners in *WPN* also requested temporary injunctive relief enjoining the enforcement of GAB 1.28 while the state supreme court decides whether to take the original action. (*Id.* at p. 15.) The court issued the following order on August 13, 2010: "IT IS ORDERED that to preserve the status quo, the respondents are enjoined from enforcing the amendments to Wis. Admin. Code § GAB 1.28 published on July 31, 2010, pending further order of this court." (Kawski Aff., Ex. 4. at p. 2.) The court has since ordered the following briefing schedule regarding the *WPN* petition for leave to commence an original action: (1) Respondents' response was to be served on or before August 27, 2010; and (2) Petitioners' may file a reply on or before September 7, 2010, at 12 p.m. (Kawski Aff., Ex. 5.) The court has also indicated that

it is likely to make a decision on the petition on September 13, 2010, at the court's scheduled petitions conference. (Kawski Aff., Ex. 4 at p. 2, ¶ 2 (Prosser, J., concurring).)[2]

The respondents in *WPN* filed a response brief on August 27, 2010, that does not oppose the Wisconsin Supreme Court accepting the case as an original action. (Kawski Aff., Ex. 6 at p. 3.)

*WCG* is the third case challenging the validity of GAB 1.28, and it is currently pending in federal district court in the Western District of Wisconsin. (*See* Kawski Aff., Ex. 1.) *WCG* was filed on July 31, 2010. The parties in *WCG* have stipulated to the entry of a permanent injunction enjoining the application or enforcement of the second sentence of GAB 1.28(3)(b). (Kawski Aff., Ex. 7.) A permanent injunction would effectively settle the *WCG* case. Judge Conley has not yet entered the stipulated permanent injunction, and the defendants in *WCG* have requested that Judge Conley enter the stipulation, or, alternatively, if the Court does not enter the stipulation, it should abstain from exercising its jurisdiction and stay the *WCG* case.

## ARGUMENT

### I. THE COURT SHOULD ABSTAIN FROM PROCEEDING UNDER THE *PULLMAN* ABSTENTION DOCTRINE.

*Pullman* abstention is appropriate when a state court may be able to resolve an unsettled question of state law by interpreting state law in a way that satisfies federal standards. *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941). In *Pullman*, the Supreme Court held that, although federal courts have jurisdiction to resolve ancillary state law questions, the wisdom of exercising that jurisdiction is doubtful, both because it could lead to a premature or unnecessary

---

[2] In light of the fact that the Wisconsin Supreme Court will likely indicate whether it is taking the *WPN* case after its September 13 petitions conference, Defendants believe that it would be prudent for the Court to allow Defendants until at least September 15 to submit a Reply brief in support of the instant motion.

decision on a federal constitutional question and because the federal court's decision on the state law question could later be displaced by a subsequent state court decision. *Id.* at 500. Application of the doctrine allows state courts to resolve state law questions that might dispose of or significantly alter the course of the related federal litigation concerning the same state law. *See id.* at 499-500. *Pullman* abstention does not require that there be a parallel state court action already filed prior to the federal action. Rather, if the federal court decides to abstain, it may retain jurisdiction while the state issue is resolved in state court. *See Am. Trial Lawyers Ass'n v. N.J. Sup. Ct.*, 409 U.S. 467, 469 (1973); *see also Harrison v. NAACP*, 360 U.S. 167, 177 (1959) (abstention "does not, of course, involve the abdication of federal jurisdiction, but only the postponement of its exercise; it serves the policy of comity inherent in the doctrine of abstention; and it spares the federal courts of unnecessary constitutional adjudication.") (citation omitted).

How GAB 1.28 applies to Plaintiffs' activities, and whether GAB 1.28 is constitutional, are unresolved questions of state law that are likely to be taken up by the Wisconsin Supreme Court in *WPN*. This Court's intervention in resolving the question of whether GAB 1.28 is constitutional would disrupt the state supreme court's formulation of important state policies and would interfere with the ability of the state court system to interpret its own laws. Certainly the state's highest court's limiting construction—or even invalidation—of GAB 1.28 could obviate the need for adjudication of some of the federal claims at issue here or could substantially narrow those claims. "The main purpose of the *Pullman* doctrine is to avoid, if possible, declaring a state statute unconstitutional, by giving the state courts a chance to interpret it narrowly." *Mazanec v. North Judson-San Pierre Sch. Corp.*, 763 F.2d 845, 847 (7th Cir. 1985) (citing *Zwickler v. Koota*, 389 U.S. 241, 251 n.14 (1967) and *Hawaii Housing Authority v. Midkiff*, 104 S.Ct. 2321, 2327 (1984)).

- 7 -
Case 2:10-cv-00669-CNC   Filed 08/30/10   Page 7 of 12   Document 23

The Seventh Circuit has noted:

> One type of case almost universally recognized as appropriate for abstention is that of a state statute, not yet construed by state courts, which is susceptible of one construction that would render it free from federal constitutional objection and another that would not. A federal court should not place itself in the position of holding the state statute unconstitutional by giving it the latter construction, only to find that the highest court of the state will render the decision futile and unnecessary by adopting the former. Such a decision not only is a waste of judicial resources but provokes a needless collision between state and federal power.

*Waldron v. McAtee*, 723 F.2d 1348, 1352 (7th Cir. 1983). Here, challenges to the validity of the recently-amended GAB 1.28 are pending in related proceedings before this Court and the Wisconsin Supreme Court, which presents precisely the type of situation giving rise to *Pullman* abstention.

The Wisconsin Supreme Court's decision addressing the validity of GAB 1.28 in *WPN* could dispose of Plaintiffs' GAB 1.28 claims. In the present case, Plaintiffs' Counts 1, 2, 4, and 12 assert federal constitutional challenges to GAB 1.28. In the *WPN* case, Petitioners have asserted that GAB 1.28 is unconstitutional under both the Wisconsin and federal constitutions,[3] and that the rule is invalid as *ultra vires*. (Kawski Aff., Ex. 2 at p. 9.) The issues in *WPN* are potentially wholly dispositive of Plaintiffs' GAB 1.28 claims because, if the Wisconsin Supreme Court accepts the *WPN* original action and finds that GAB 1.28 is unconstitutional or *ultra vires*,

---

[3] The petitioners in the *WPN* case assert that GAB 1.28 violates Article I, Section 3 of the Wisconsin Constitution. (*See* Kawski Aff., Ex. 2 at p. 9; Ex. 3 at pp. 17-18.) The Wisconsin Supreme Court has indicated that Article I, Section 3 of the Wisconsin Constitution could provide greater protections of speech than the First Amendment to the United States Constitution. *See Jacobs v. Major*, 139 Wis. 2d 492, 534, 407 N.W.2d 832 (1987) (Abrahamson, J., concurring in part, dissenting in part) (citing *McCauley v. Tropic of Cancer*, 20 Wis. 2d 134, 139, 121 N.W.2d 545 (1963)). In *WPN*, the Wisconsin Supreme Court could determine the validity of GAB 1.28 based on the Wisconsin Constitution alone.

Abstention is appropriate where a state law issue can be resolved by the application of a state constitution. *See City of Meridian v. S. Bell Tel & Tel. Co.*, 358 U.S. 639, 641 (1959) ("[W]hen the state court's interpretation of the statute or evaluation of its validity under the state constitution may obviate any need to consider its validity under the Federal Constitution, the federal court should hold its hand, lest it render a constitutional decision unnecessarily.") (citations omitted); *Harris Cty. Comm'rs Ct. v. Moore*, 420 U.S. 77, 84, (1975) (abstention was

the rule would then be unenforceable for that reason and there would be no need for this Court to address the federal constitutional claims implicating GAB 1.28 that Plaintiffs have asserted. *See Frier v. City of Vandalia, Ill.*, 770 F.2d 699, 701 (7th Cir. 1985) ("A court ought not resolve a constitutional dispute unless that is absolutely necessary.") (citing *Jean v. Nelson*, 472 U.S. 846, 105 S.Ct. 2992, 2997-98 (1985)).

Even if the Wisconsin Supreme Court does not find the amended GAB 1.28 unconstitutional or *ultra vires*, the court could construe it in a way that avoids or cabins any First Amendment concerns, thus negating any need for this Court to consider Plaintiffs' instant claims. In addition, if this Court were to decide the constitutionality GAB 1.28 now, that decision would not be binding on Wisconsin state courts, and it is thus possible that this Court's decision could be displaced by subsequent state court decisions that might reach a different conclusion on a state law issue. These are exactly the reasons that were found to warrant abstention in *Pullman*. *See Pullman*, 312 U.S. at 500 ("The reign of law is hardly promoted if an unnecessary ruling of a federal court is thus supplanted by a controlling decision of a state court.").

Furthermore, while Defendants maintain that all of the claims asserted in Plaintiffs' Verified Complaint fail as a matter of law, G.A.B. nonetheless does not deny that the recent amendments to GAB 1.28—and, in particular, the second sentence of GAB 1.28(3)(b)[4]—present difficult state law issues involving the interpretation of that rule and involving the status of G.A.B.'s understanding of the meaning of its own rule. The resolution of those state law issues could ultimately lead G.A.B. either to change its understanding of the meaning of the rule or to

---

ordered where "the uncertain status of local law stems from the unsettled relationship between the state constitution and a statute.").

[4] Plaintiffs have challenged the constitutionality of the "[s]upports or condemns" language in the second sentence of GAB 1.28(3)(b). (Verified Compl., Dkt. #1, ¶ 80.)

- 9 -
Case 2:10-cv-00669-CNC   Filed 08/30/10   Page 9 of 12   Document 23

engage in additional administrative rulemaking to clarify that meaning and/or to correct any problems in the current language of the rule. These are important questions of state public policy that would be more appropriately addressed in a Wisconsin forum than in a federal forum. Considerations of federalism, too, thus suggest that this Court should abstain from exercising jurisdiction over this case. In sum, *Pullman* abstention is warranted.

## II. THE COURT SHOULD ABSTAIN FROM PROCEEDING UNDER THE *WILTON/BRILLHART* ABSTENTION DOCTRINE.

Abstention is also appropriate under *Wilton/Brillhart*. In *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), the Supreme Court reaffirmed its earlier decision in *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942), which held that a district court had the discretion to stay a declaratory judgment action during pending parallel state proceedings. "[A] court may dismiss or stay an action under the *Wilton/Brillhart* abstention doctrine where solely declaratory relief is sought." *R.R. Street & Co., Inc. v. Vulcan Materials Co.*, 569 F.3d 711, 715 (7th Cir. 2009); *see also Sta-Rite Indus., Inc. v. Allstate Ins. Co.*, 96 F.3d 281, 287 (7th Cir. 1996).

The pending action in this Court is solely a declaratory judgment action. (*See* Verified Compl., Dkt. #1, ¶ 5 ("The Court also has jurisdiction under the Declaratory Judgment Act."), ¶¶ 126-135 (describing Plaintiffs' "Prayers for Relief" that seek a declaratory judgment).) There is a parallel proceeding in the Wisconsin Supreme Court dealing with the validity of GAB 1.28, which also seeks declaratory relief. (Kawski Aff., Ex. 2 at p. 15.) This Court, therefore, should either stay the instant action pending resolution of the state case since a decision in the state case will likely have a preclusive effect on Plaintiffs' instant claims for declaratory relief, as discussed above. *See Wilton*, 515 U.S. at 283 (discussing a district court's discretion to "stay or dismiss actions properly within their jurisdiction"). Plaintiffs would of course be free to pursue (after a

- 10 -
Case 2:10-cv-00669-CNC   Filed 08/30/10   Page 10 of 12   Document 23

temporary stay has been lifted) any federal claims asserted in the instant action that are unresolved after the litigation concludes in the Wisconsin Supreme Court.

### III. ALL COUNTS OF PLAINTIFFS' VERIFIED COMPLAINT SHOULD BE STAYED PENDING RESOLUTION OF *WPN* IN THE WISCONSIN SUPREME COURT.

Only Counts 1, 2, 4, and 12 of Plaintiffs' Verified Complaint address the validity of GAB 1.28. Nonetheless, this Court should recognize the interests in judicial economy and efficiency in staying all Counts in Plaintiffs' Verified Complaint while the *WPN* matter is pending in the Wisconsin Supreme Court. *See, e.g.*, *Patel v. Oakwin Lodging, Inc.*, Nos. 3:08-cv-206-J-32MCR, 3:08-cv-207-J-32MCR, 2008 WL 3365233, at * 2 (M.D. Fla. Aug. 8, 2008) (abstaining from exercising jurisdiction over two counts while staying the remaining two counts "in the interests of judicial economy and efficient resolution of all suits."); *Neary v. Miltronics Mfg. Services, Inc.*, 534 F.Supp.2d 227, 233 (D.N.H. 2008) (abstaining from exercising jurisdiction and dismissing three counts relating to equitable relief and staying two remaining counts that sought damages).

While *WPN* is pending, it would not make sense for the parties here to engage in piecemeal litigation of the non-GAB 1.28 counts in Plaintiffs' Verified Complaint, only to later be forced to determine how the Wisconsin Supreme Court's decision in *WPN* fits strategically, practically, and legally into the ultimate resolution of Plaintiffs' other claims. It would be more efficient and would conserve judicial and party resources to simply stay all counts in the Verified Complaint until *WPN* is resolved. At that point, both this Court and the parties will be able to determine whether and how the Wisconsin Supreme Court's decision in *WPN* impacts Plaintiffs' GAB 1.28-related counts and GAB 1.28's interaction with the other provisions of Wisconsin campaign finance law that Plaintiffs have challenged.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court grant their motion, abstain from exercising its jurisdiction, stay this case until *WPN* is resolved, and enter the proposed Order filed herewith. Defendants request that if the Court orders a hearing or oral argument on their motion that the hearing be conducted by telephone conference.

Defendants request that the Court set a briefing schedule on this Motion and further request that Defendants' Reply be due no earlier than September 15, 2010. Defendants request that, if the Court denies the instant Motion, that they be allowed at least twenty-one (21) days after the Court's Order to submit a brief in opposition to Plaintiffs' Preliminary Injunction Motion (Dkt. #3).

Dated this 30th day of August 2010.

    Respectfully submitted,

/s/ Clayton P. Kawski
CLAYTON P. KAWSKI
Assistant Attorney General
State Bar # 1066228

BRIAN K. HAGEDORN
Assistant Attorney General
State Bar # 1061490

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-7477 (CPK)
(608) 266-1263 (BKH)
(608) 267-2223 (Fax)
kawskicp@doj.state.wi.us
hagedornbk@doj.state.wi.us