UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

WISCONSIN RIGHT TO LIFE
COMMITTEE, INC., et al.,

        Plaintiff,

        v.                             Case No. 10-C-0669

GORDON MYSE, THOMAS BARLAND,
MICHAEL BRENNAN, THOMAS CANE,
DAVID DEININGER, GERALD NICHOL,
and JOHN CHISHOLM,

        Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO ABSTAIN AND STAY (DOC. # 22)

Plaintiffs Wisconsin Right to Life, Inc. ("WRTL") and Wisconsin Right to Life State Political Action Committee ("WRTL-PAC"), filed a verified complaint on August 5, 2010, alleging violations of their First and Fourteenth Amendment rights under the United States Constitution. On the same day, Plaintiffs filed a motion for a preliminary injunction seeking to enjoin defendants who are being sued in their official capacities as members of the Wisconsin Government Accountability Board ("GAB"), and the Milwaukee County District Attorney, respectively, from enforcing various provisions of the Wisconsin statutes and GAB regulations contained in the Wisconsin Administrative Code which regulate campaign finance in the state. Specifically, plaintiffs contend that Wis. Admin. Code GAB § 1.28 (2010), among other statutory and regulatory provisions in place, will subject them to enforcement and prosecution leading to civil liabilities and criminal penalties. (*See* Pl.'s Verified Compl. ¶ 19.) Consequently, the plaintiffs raise facial and as applied challenges to the contested statutory and regulatory provisions. (*See Id.* ¶¶ 31, 33.) Moreover, they

argue that Wisconsin law chills their freedom of speech and they will not speak unless this court grants their requested relief. (*Id.* ¶ 20.)

Simultaneously, there are two other civil actions seeking the same or similar injunctive relief against defendants. One action pending in the United States District Court for the Western District of Wisconsin was filed on July 31, 2010. *See Wis. Club for Growth, Inc. v. Myse*, Case No. 10-CV-427 (W.D. Wis.). A second, original action, pending before the Wisconsin Supreme Court was filed on August 9, 2010. *See Wis. Prosperity Network, Inc. v. Myse*, Case No. 2010AP1937-OA (Wis. Sup. Ct.). On August 13, 2010, the Wisconsin Supreme Court issued an order preserving the status quo and temporarily enjoining the defendants from enforcement of amendments to the Wisconsin Administrative Code under GAB Rule 1.28 until further order of that court.

Defendants submitted a motion to abstain and stay the proceedings in this court in the interests of comity and judicial efficiency so as not to litigate the claims raised by plaintiffs in a piecemeal fashion. The parties agree that a stay is proper regarding plaintiffs' claims focused on GAB Rule 1.28 (2010), the lynchpin regulation at issue in all of the cases. This is true because the Wisconsin Supreme Court has yet to rule on the viability of the original action litigation before it, including § 1.28; and the parties in the Western District have filed a stipulation seeking an order enjoining the application or enforcement of portions of § 1.28. However, it appears that the court in the Western District of Wisconsin has not ruled on the matter. Thus, while the parties are seemingly in agreement as to at least some portions of § 1.28, they do not agree that all of the remaining claims should also be stayed.

2

Plaintiffs contend that all of their claims raise federal and not state claims and that delaying consideration of their claims under any GAB rules other than GAB Rule 1.28 will burden their speech at a critical time . (*See* Pl.'s Resp. to Def.'s Motion to Abstain and Stay at 2, 4.)  However, this argument is not well taken.  Plaintiffs' claims will turn on significant issues of state law and how the Wisconsin Supreme Court will interpret GAB Rule 1.28, as well as whether the GAB has the authority to promulgate campaign finance rules under Wisconsin law.

As a matter of comity under federalism principles, and exercising wise discretion this court may abstain and stay proceedings under the *Pullman* abstention doctrine.  *Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496 (1941).  "[A]bstention applies when a federal court is faced with an ambiguous question of state law that touches on important matters of state policy.*" Arrington v. Elections Bd.*, 173 F. Supp. 2d 856, 866 (E.D. Wis. 2001). "[H]owever, *Pullman* abstention requires only a stay of proceedings while a state court addresses the matter, not a complete dismissal." *Id.* (citing *Pullman*, 312 U.S. at 501-02).

Whether § 1.28 is deemed enforceable under Wisconsin law is at the epicenter of this declaratory judgment action and, if possible, this court should defer to the state's highest court, the Wisconsin Supreme Court, to enable it to express its views bearing on the direction, scope and outcome of this litigation.  It is appropriate for the Wisconsin Supreme Court to determine the viability of its state's regulatory regime without federal pronouncements that may be unnecessary or confusing.  *See Cf. Pullman*, 312 U.S. at 500 (citing *Gilchrist v. Interborough Co.*, 279 U.S.159 (1929)) (discussing the final authority of a state to interpret doubtful regulatory laws of the state).  Additionally, the

3

Wisconsin Supreme Court has issued a temporary injunction which bars enforcement of GAB Rule 1.28 and preserves the status quo. Consequently, this court is persuaded that the plaintiffs will not suffer any harm if it grants the defendants' motion inasmuch as the Wisconsin Supreme Court is addressing the plaintiffs' central concerns. For the foregoing reasons,

IT IS ORDERED that defendants' motion to abstain and stay is granted. This proceeding is stayed as to all claims while the parties obtain a ruling from the Wisconsin Supreme Court in the original action pending before that court. Plaintiffs may re-open this proceeding without prejudice within thirty days of a ruling on the matters now before the Wisconsin Supreme Court.

IT IS FURTHER ORDERED that this case is closed for administrative purposes.

Dated at Milwaukee, Wisconsin, this 17th day of September, 2010.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE