UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

WISCONSIN RIGHT TO LIFE
COMMITTEE, INC., et al.,

      Plaintiffs,

      v.                                  Case No. 10-C-0669

GORDON MYSE, THOMAS BARLAND,
MICHAEL BRENNAN, THOMAS CANE,
DAVID DEININGER, GERALD NICHOL,
and JOHN CHISHOLM,

      Defendants.

---

ORDER DENYING PLAINTIFFS' MOTION TO LIFT STAY (DOC. # 36), STRIKING PLAINTIFFS' REPLY BRIEF (DOC. # 38), AND DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A REPLY BRIEF (DOC. # 40)

On September 17, 2010, the court granted defendants' motion to abstain and stay this action until such time as the Wisconsin Supreme Court made a ruling on the constitutionality of Wis. Admin. Code GAB § 1.28 (2010), and other challenged statutes and regulations. *See* Doc. # 31. The court determined that abstaining and staying the action was prudent under the *Pullman* abstention doctrine as a matter of judicial comity and federalism. *See id.* The plaintiffs' motion for partial reconsideration was denied on October 15, 2010. *See* Doc. # 35. WRTL-SPAC now seeks an order lifting the stay as to Count 9 of the complaint. *See* Doc. # 36. The defendants oppose the motion. *See* Doc. # 37.

Count 9 of the complaint raises an as-applied challenge to the financial contribution limits established under Wisconsin law. WRTL-SPAC asserts that it "engages in independent spending for political speech" and "does not make contributions." *See* Doc.

# 36 at p.2. It contends that "those who seek to contribute to WRTL-SPAC beyond Wisconsin's contribution limit . . . have a First Amendment right to engage in the same speech as WRTL-SPAC." *See id.* As such, they argue, "Wisconsin's contribution limit is unconstitutional as applied to the contributions WRTL-SPAC seeks to receive . . . ." *Id.* WRTL-SPAC goes on to argue that the court should lift the stay for four reasons: 1) It "needs to raise money for speech beyond Wisconsin's limit."; 2) the Wisconsin Supreme Court has postponed oral argument in its case until September 2011; 3) GAB § 1.28 "does not affect the contribution limit" plaintiff challenges; 4) Count 9 "presents a straightforward challenge." *See id.* at p.3. In opposing the motion to lift the stay, defendants cite the need to avoid piecemeal litigation and making multiple or confusing pronouncements on matters of state law. *See* Doc. # 37 at pp.1-2.

The court is unpersuaded by plaintiffs' arguments. The reasons underlying the court's decision to abstain under the *Pullman* doctrine apply with equal force today. *See* Doc. # 31.

As a separate matter, WRTL-SPAC filed a reply brief without leave of court. *See* Doc. # 38. However, "[n]o reply brief is permitted absent leave of Court." Civ. L. R. 7(h)(2). Consequently, the court will strike the filing. Also, the court notes that WRTL-SPAC's submission fails to comply with other dictates of L.R. 7(h)(2), as it exceeds the 3 page limit for such motions, excluding the caption and signature block. After this filing error was brought to the attention of WRTL-SPAC by defendants, *see* Doc. # 39, WRTL-SPAC filed a motion seeking leave to file a proper reply brief. *See* Doc. # 40. However, no additional briefing is necessary. Therefore,

IT IS ORDERED that plaintiffs' motion to lift stay is denied.

IT IS FURTHER ORDERED that WRTL-SPAC's reply brief is stricken pursuant to General Local Rule 83(f).

IT IS FURTHER ORDERED that WRTL-SPAC's motion for leave to file a reply brief is denied.

Dated at Milwaukee, Wisconsin, this 12th day of July, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE