UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

WISCONSIN RIGHT TO LIFE, INC.
and WISCONSIN RIGHT TO LIFE
STATE POLITICAL ACTION COMMITTEE,

      Plaintiffs,

          v.                          Case No. 10-C-0669

GORDON MYSE, THOMAS BARLAND,
MICHAEL BRENNAN, THOMAS CANE,
DAVID DEININGER, GERALD NICHOL,
and JOHN CHISHOLM,

      Defendants.

---

DECISION AND ORDER DENYING PLAINTIFFS' MOTION TO CONTINUE (DOC. 91)

On August 17, 2012, plaintiffs Wisconsin Right to Life, Inc. and Wisconsin Right to Life State Political Action Committee filed a notice of appeal (Doc. 84) to the Seventh Circuit Court of Appeals claiming that this court constructively denied its second motion for preliminary injunction (Doc. 68). This court has scheduled a hearing for August 31, 2012. Following the scheduling of the hearing, plaintiffs commented that "[a]s the Court is also aware, a notice of appeal deprives a district court of jurisdiction over the matters appealed . . ., so Plaintiffs submit there would be no need for another PI hearing now." (Doc. 91 at 2.) Defendants oppose a continuance. (Doc. 92 at 1.)

Rule 4 of the Federal Rules of Appellate Procedure provides that the notice of appeal must be filed within 30 days *after the order appealed from.* Fed. R. App. P Rule 4(a)(1)(A) (emphasis added). And, the court of appeals has jurisdiction from "interlocutory orders of the district courts of the United States . . . or of judges thereof, granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify

injunctions[.]" 28 U.S.C. § 1292(a)(1). "[A]ny notice of appeal filed prior to disposition of the motion is ineffective until entry of the order disposing of the motion". *Practitioner's Handbook for Appeals To The United States Court of Appeals for the Seventh Circuit*, page 2 (2012 ed.).

Here, plaintiffs' notice of appeal was filed prior to this court issuing a final, dispositive order. Moreover, this court has jurisdiction despite plaintiffs' claim that it constructively denied their second motion for second preliminary injunction. "Where no final judgment has been entered, an appeal may be taken only if the order sought to be appealed falls within one of the statutory or judicial exceptions to the final judgment rule." *Practitioner's Handbook for Appeals To The United States Court of Appeals for the Seventh Circuit*, page 34 (2012 ed.) "Postponement of a ruling on a request to dissolve an injunction is not treated as a denial for purposes of appealability–otherwise the movant could appeal before the judge had had a chance to consider his motion–unless it is so protracted that it has the practical effect of a denial; in that event it is deemed a constructive denial, and immediate appeal is allowed. *United States v. Board of School Commissioners*, 128 F.3d 507, 509 (7th Cir.1997).

Whether the postponement of this court's decision is deemed a constructive denial depends upon the nature of the request and the underlying facts. Plaintiffs' first amended verified complaint asserts that they sought to engage in various forms of issue and express advocacy before the May 8 recall primary election, June 5 recall general election and August 14 primary election. They also seek to engage in similar speech before the November 6, 2012, general election. Plaintiffs' April 18, 2012, motion for a temporary restraining order and second preliminary injunction asked this court to enjoin the

2

enforcement of particular provisions and phrases within Wisconsin's campaign finance laws affecting their speech. At a May 4, 2012, motion hearing, defendants stated on the record that GAB 1.91 had expired and would not be enforced, and the court so ordered. Defendants also asserted that it would enforce Wisconsin Statute Section 11.38(1)(a)(1) consistent with Attorney General Van Hollen's published opinion, in which he decided in light of *Citizens United*, 130, S. Ct. 876 (2010), that any ban on corporate independent expenditures under Wisconsin Law is unconstitutional. Hence, it appears that plaintiffs are mistaken in their belief that the court has constructively denied these claims.

Nevertheless, if a delayed ruling is deemed a constructive denial of the preliminary injunction part of the plaintiffs motion, it is only construed as a constructive denial of the plaintiffs' request for injunctive relief respecting the elections that have passed. Therefore, an interlocutory appeal would not prevent this court from finishing its work and rendering a decision, *Wisconsin Mutual Insurance Co. v. United States*, 441 F.3d 502, 504 (7th Cir. 2006). Consequently, this court finds that it retains jurisdiction over this case, especially any requests for relief that may be deemed constructively denied. Accordingly,

IT IS ORDERED THAT parties motion to continue is denied. Parties may request to appear telephonically at the August 31, hearing.

Dated at Milwaukee, Wisconsin, this 27th day of August, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE