UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WISCONSIN RIGHT TO LIFE, INC.
and WISCONSIN RIGHT TO LIFE
STATE POLITICAL ACTION COMMITTEE,

    Plaintiffs,

v.                                            Case No. 10-C-0669

GORDON MYSE, THOMAS BARLAND,
MICHAEL BRENNAN, THOMAS CANE,
DAVID DEININGER, GERALD NICHOL,
and JOHN CHISHOLM,

    Defendants.

DECISION AND ORDER DENYING PLAINTIFFS' RULE 7(h) EXPEDITED
NON-DISPOSITIVE MOTIONS FOR INJUNCTION PENDING APPEAL (DOC. 94, 103)

On August 17, 2012, plaintiffs Wisconsin Right to Life, Inc., and Wisconsin Right to Life State Political Action Committee filed a second notice of appeal (Doc. 84) to the Seventh Circuit Court of Appeals claiming that this court constructively denied their second motion for a preliminary injunction (Doc. 68). A hearing was then scheduled for August 31, 2012. On August 23, plaintiffs moved to continue the August 31 hearing asserting that their notice of appeal deprived this court of jurisdiction over the matters appealed. (Doc. 91.) Defendants opposed the request. (Doc. 92.) The court denied plaintiffs' motion to continue, concluding with due regard for the circumstances, that the second notice of appeal did not deprive it of jurisdiction. (Doc. 93.)

During the August 31, 2012, hearing, the court set forth its findings of fact and conclusions of law and granted a preliminary injunction as to count two, as well as count nine with respect to enforcement of Wisconsin's corporate disbursement ban. The court also granted a preliminary injunction as to count five regarding ads that are less than 30 seconds in length. On the other hand, the court denied an injunction on the remaining aspects of

counts five and nine, and counts one, three, six, seven, and eight. The court declined relief on count four as moot, which will be discussed below.

Also on August 31, plaintiffs filed a (second) motion for injunctive relief pending appeal respecting all the claims in the first amended verified complaint. (Doc. 94.) Plaintiffs submitted that they should prevail for the reasons discussed in their motion for a temporary restraining order and second preliminary injunction. On September 4, the court asked plaintiffs to clarify the motion in light of the August 31 order.

On September 6, plaintiffs filed an additional notice of appeal and a third motion for injunctive relief pending appeal and responded to the court's request for clarification. (Doc. 103.) Plaintiffs maintained that the court lacked jurisdiction to enter the August 31 ruling and that the order was void. Thus, according to plaintiffs, they continued to need an injunction pending appeal, even as to claims respecting which they had been granted injunctive relief. Alternatively, plaintiffs moved for an injunction pending appeal regarding the claims on which they did not prevail, in the event that the court was not deprived of jurisdiction as a result of the second notice of appeal.

Defendants maintain that the court had jurisdiction to decide the matters addressed on August 31 and stated that the plaintiffs' request for injunctive relief is moot to the extent that the court granted preliminary injunctive relief on August 31. As for the remaining issues, defendants realleged and incorporated their arguments opposing entry of a preliminary injunction. However, in response to plaintiffs' request for relief for all counts, defendants realleged and incorporated their earlier arguments in opposition to a temporary restraining order and second preliminary injunction.

2

Plaintiffs' second motion for an order for injunctive relief pending appeal (Doc. 94) was premised on the assumption that the August 31order was void for lack of jurisdiction because this court has not entered a final judgment on all pending issues. Nevertheless, this court is satisfied that it had jurisdiction to issue the August 31 decision. Therefore, the aforementioned motion will be denied.

In regard to plaintiffs' alternative motion for an injunction pending appeal (Doc. 103), this court will deny the request for the reason expressed in its August 31 order and a recent Seventh Circuit decision that is relevant to counts one and three, *see Center for Individual Freedom v. Madigan,* No. 11-3693, (7th Cir. Sept. 10, 2012). Moreover, the plaintiffs have failed to demonstrate some likelihood of success on the merits. Specifically, this court will deny plaintiffs' motion for injunction pending appeal for the relevant parts of counts five and nine, and counts one, three, six, seven and eight.

In regard to count four, it is noted that GAB 1.91 was promulgated as an emergency rule. Pursuant to § 227.24 of the Wisconsin Statutes, if an agency promulgates a rule as an emergency rule, it "remains in effect only for 150 days." GAB 1.91 was promulgated on May 20, 2010, and as indicated by the Government Accountability Board in its public notice, it should have been effective until October 16, 2010. However, as a result of several extensions, the emergency rule expired on February 15, 2011.[1] (Doc. 80-1.) Simultaneously, the Government Accountability Board proposed GAB 1.91 as a permanent rule.

Plaintiffs and defendants submit that although the emergency rule and the permanent rule differ, the differences are not material. This court disagrees. The emergency rule was

---

[1] The court takes judicial notice of the Wisconsin Administrative Register, No. 662, at page 6 (Effective February 15, 2011), which states that the extension of GAB 1.91 was effective through February 13, 2011.

3

effective immediately. In contrast, the permanent rule became effective on July 1, 2012, after plaintiffs filed their first amended verified complaint; after plaintiffs' motion for temporary restraining order and second preliminary injunction was fully briefed; after the court held a motion hearing discussing, among other things, the emergency rule; and after plaintiffs notified the court that the Government Accountability Board intended to promulgate GAB 1.91 as a permanent rule. Unlike the emergency rule, the permanent rule was reviewed by several committees and, apparently, was subjected to a rigorous review. (Doc. 80-1.)

Notably, the text of the emergency rule differs from the text of the permanent rule. Moreover, the first amended and verified complaint asserts that "Wisconsin's 'organization' definition, GAB 1.91.1.f, fails constitutional scrutiny." (Doc. 70, ¶ 86). When the complaint was filed, section1.91.1.f of the emergency rule set forth the definition of "organization." However, section1.91.1.f of the permanent rule enacted on July 1 defines the term "independent," but not organization. Thus, the court cannot overlook the differences between the emergency rule and permanent rule. Nor may this court impliedly amend the pending complaint upon which plaintiffs are proceeding to address the permanent rule. Consequently, plaintiffs' claims with respect to count four of the first amended and verified complaint are moot. Now, therefore,

IT IS ORDERED that plaintiffs' motions for an injunction pending appeal are denied.

Dated at Milwaukee, Wisconsin, this 18th day of September, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE

4