UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WISCONSIN RIGHT TO LIFE, INC., and
WISCONSIN RIGHT TO LIFE STATE
POLITICAL ACTION COMMITTEE,

      Plaintiffs

  V.                                Case No. 10-C-0669

THOMAS BARLAND, in his official capacity
as chair and member of the Wisconsin
Government Accountability Board;
HAROLD FROEHLICH, in his official capacity as
vice chair and member of the Wisconsin
Government Accountability Board;
JOHN FRANKE, ELSA LAMELAS,
GERALD NICHOL, and TIMOTHY VOCKE, in their
official capacities as members of the Wisconsin
Government Accountability Board; and
JOHN CHISHOLM, in his official capacity
as Milwaukee County District Attorney,

      Defendants.

DECLARATORY JUDGMENT AND PERMANENT INJUNCTION
FOLLOWING THE SEVENTH CIRCUIT REMAND IN
*WISCONSIN RIGHT TO LIFE, INC. V. BARLAND* ("*BARLAND-II*")[1]

Plaintiffs Wisconsin Right to Life, Inc. ("WRTL") and Wisconsin Right to Life State Political Action Committee ("WRTL-SPAC") filed this action challenging the constitutionality of Wisconsin law.

Defendants are Thomas Barland, in his official capacity as chair and member of the Wisconsin Government Accountability Board ("GAB"); Harold Froehlich, in his official capacity as vice chair and member of GAB; John Franke, Elsa Lamelas, Gerald Nichol,

---

[1] 751 F.3d 804, Nos.12-2915/12-3046/12-3158 (7th Cir. May 14, 2014).

and Timothy Vocke, in their official capacities as members of GAB; and John Chisholm, in his official capacity as Milwaukee County District Attorney.

The court enters the following declaratory judgment and permanent injunction pursuant to *Barland-II*.

\* \* \*

Defendants shall immediately and conspicuously post, on the homepage of GAB's website, valid hyperlinks to file-stamped copies of *Barland-II*[2] and this order, both of which the public shall be able to access free of charge. Defendants shall do the same for *Wisconsin Right to Life State Political Action Committee v. Barland* ("*Barland-I*"),[3] the Seventh Circuit's previous opinion in this action. Valid hyperlinks shall remain conspicuously on GAB's homepage for four years[4] after official publication of legislation and GAB rules – whichever is later – bringing Wisconsin law into compliance with *Barland-I* and *Barland-II*.

\* \* \*

First, Wisconsin bans corporations such as WRTL from making disbursements.[5] The court grants declaratory judgment and permanently enjoins Defendants from administering or civilly enforcing Wisconsin's corporate-disbursement ban against any

---

[2] Thus, for the public's convenience, this order includes both F.3d cites and slip-op. cites.

[3] 664 F.3d 139, No.11-2623 (7th Cir. Dec. 12, 2011).

[4] Two state-election cycles and one gubernatorial-election cycle.

[5] WIS. STAT. § 11.38(1)(a)1.; *Barland-II,* 751 F.3d at 816, slip op. at 22.

person,[6] or criminally investigating or prosecuting (or referring for investigation or prosecution)[7] any person under this ban, because the ban is facially unconstitutional.[8]

Second, Wisconsin law triggers what *Citizens United v. FEC*[9] recognizes are political-committee and political-committee-like burdens for WRTL when it engages in its speech. These burdens are (1) registration,[10] (2) recordkeeping,[11] and (3) periodic[12] reporting,[13] and Wisconsin triggers them in multiple ways.

---

[6] Including "person" as defined in WIS. STAT. § 990.01(26). Throughout this order, "person" includes a combination of two or more persons.

[7] *See, e.g., O'Keefe v. Chisholm,* 769 F.3d 936, 937 (7th Cir. 2014) (dismissing "a judicially supervised criminal investigation into the question whether certain persons have violated the state's campaign-finance laws"); *id.* ("The ongoing criminal investigation is being supervised by a judge, in lieu of a grand jury. Wis. Stat. § 968.26. Prosecutors in Wisconsin can ask the state's courts to conduct these inquiries, which go by the name 'John Doe proceedings' because they may begin without any particular target. The District Attorney for Milwaukee County[, a Defendant in this action,] made such a request"); *id.* at 938 ("Wisconsin's Government Accountability Board, [whose members are Defendants in this action and] which supervises campaigns and conducts elections, likewise called for an investigation. District Attorneys in four other counties made similar requests.").

[8] *Barland-II,* 751 F.3d at 831, 843, slip op. at 55, 83. To be clear: The ban in WIS. STAT. § 11.38(1)(a)1. on direct and indirect *contributions* that corporations make is not at issue in *Barland-II,* so the court issues no holding on, and expresses no opinion on, the constitutionality of this ban.

[9] 558 U.S. 310, 337-38 (2010).

[10] WIS. STAT. §§ 11.05 (registration), 11.10(3) (treasurer), 11.12(1) (same), 11.14 (bank account), 11.16(1), (3) (treasurer and bank account), 11.19 (termination); WIS. ADMIN. CODE §§ GAB 1.28(2) ("the applicable requirements of Ch. 11, Stats."), GAB 1.91(3) (bank account, treasurer, and registration), GAB 1.91(4), (6) (registration), GAB-1.91(8) (citing WIS. STAT. § 11.19 (termination)).

[11] WIS. STAT. § 11.12(3); GAB 1.28(2) ("the applicable requirements of Ch. 11, Stats."), GAB 1.91(8) (citing WIS. STAT. § 11.12, which includes recordkeeping requirements in § 11.12(3)).

[12] *FEC v. Mass. Citizens for Life, Inc.,* 479 U.S. 238, 255 (1986) ("*MCFL*").

[13] WIS. STAT. §§ 11.06, 11.12(4), 11.20; GAB 1.28(2) ("the applicable requirements of Ch. 11, Stats."); GAB 1.91(8) (citing a subset of political-committee reporting requirements).

3

One way is through Wisconsin's **statutory political-purposes definition,**[14] which turns on what is for the "purpose of influencing" elections.[15] This definition is part of Wisconsin's statutory contribution and disbursement definitions.[16] These statutory contribution and disbursement definitions are part of Wisconsin's statutory committee-or-political-committee definition.[17] This committee-or-political-committee definition "triggers" political-committee burdens.[18]

Meanwhile, Wisconsin's **regulatory political-committee definition**[19] also turns on what is "to influence elections" and "triggers" political-committee burdens.[20]

Because they turn on what *influences* elections, Wisconsin's **statutory political-purposes definition** and Wisconsin's **regulatory political-committee definition** are unconstitutionally vague under *Buckley v. Valeo*.[21]

Therefore, to resolve this vagueness "[a]s applied to political speakers other than candidates, their campaign committees, and political parties, the [statutory political-purposes and regulatory political-committee] definitions are limited to express advocacy

---

[14] WIS. STAT. § 11.01(16); *Barland-II,* 751 F.3d at 815, slip op. at 20.

[15] WIS. STAT. § 11.01(16); *Barland-II,* 751 F.3d at 815, 833, slip op. at 20, 59.

[16] WIS. STAT. § 11.01(6), (7); *Barland-II,* 751 F.3d at 815, slip op. at 19.

[17] WIS. STAT. § 11.01(4); *Barland-II,* 751 F.3d at 812, slip op. at 12-13.

[18] *Barland-II,* 751 F.3d at 812, 815, 832, slip op. at 13, 19, 59.

[19] GAB 1.28(1)(a); *Barland-II,* 751 F.3d at 826, slip op. at 43.

[20] *Barland-II,* 751 F.3d at 826, slip op. at 43.

[21] 424 U.S. 1, 77 (1976). *Barland-II,* 751 F.3d at 833, 843-44, slip op. at 60, 83.

4

and its functional equivalent as those terms were explained in *Buckley*" and *FEC v. Wisconsin Right to Life, Inc.*[22] As applied to such speakers, this law reaches *no further than* "express advocacy and its functional equivalent as those terms were explained in *Buckley*" and *WRTL-II*.[23]

The court therefore grants declaratory judgment and permanently enjoins Defendants from administering or civilly enforcing Wisconsin's **statutory political-purposes definition** and Wisconsin's **regulatory political-committee definition** against any person, or criminally investigating or prosecuting (or referring for investigation or prosecution) any person under this law, in any way inconsistent with the previous paragraph.

Third, another way in which Wisconsin triggers political-committee-like burdens is through GAB 1.28(3)(b).

The second of two sentences in GAB 1.28(3)(b) turns on what "[s]upports or condemns" candidates' positions on issues, stances on issues, and public records.[24] Because "[s]upports or condemns" is unconstitutionally vague,[25] the court grants declaratory judgment and permanently enjoins Defendants from administering or civilly enforcing **the second of two sentences in GAB 1.28(3)(b)** against any person, or

---

[22] 551 U.S. 449 (2007) ("*WRTL-II*"). *Barland-II,* 751 F.3d at 844, slip op. at 83.

[23] *Citizens United v. FEC* re-labels "the functional equivalent of express advocacy" as the "'appeal to vote' test." 558 U.S. 310, 335 (2010) (quoting *WRTL-II,* 551 U.S. at 470).

[24] *Barland-II,* 751 F.3d at 826, slip op. at 45.

[25] *Id.* at 837-38, 843-44, slip op. at 70-71, 83.

5

criminally investigating or prosecuting (or referring for investigation or prosecution) any person under this sentence.

However, the court holds **the first of two sentences in GAB 1.28(3)(b)**[26] is not unconstitutionally vague.[27]

Fourth, Wisconsin triggers political-committee and political-committee-like burdens not only through the statutory committee-or-political-committee definition[28] and GAB 1.28[29] but also through GAB 1.91.[30]

To resolve as-applied and facial overbreadth[31] challenges – as opposed to as-applied and facial vagueness challenges – *Buckley* holds that government may trigger political-committee or political-committee-like burdens only for "organizations" that (a) are "under the control of a candidate" or candidates in their capacities as candidates, or (b) have the "the major purpose" of express advocacy under *Buckley*.[32]

Referring to organizations that are *not* under the control of any candidate(s) in their capacities as candidates, *Barland-II* holds that Wisconsin may trigger political-committee

---

[26] *Id.* at 826, slip op. at 45.

[27] *Id.* at 838, slip op. at 71.

[28] WIS. STAT. § 11.01(4); *Barland-II,* 751 F.3d at 812, slip op. at 12-13.

[29] *Barland-II,* 751 F.3d at 826, slip op. at 43-45.

[30] *Id.* at 839-40, 844-46, slip op. at 74, 84-86.

[31] *Id.* at 839, slip op. at 72.

[32] 424 U.S. at 79, *followed in MCFL,* 479 U.S. at 252 n.6, 262, *and McConnell v. FEC,* 540 U.S. 93, 170 n.64 (2003).

or political-committee-like burdens[33] only for organizations that have the "major purpose" of "express advocacy."[34]

The court therefore grants declaratory judgment and permanently enjoins Defendants from administering or civilly enforcing **the statutory committee-or-political-committee definition, GAB 1.28,** and **GAB 1.91** against any person, or criminally investigating or prosecuting (or referring for investigation or prosecution) under these laws any person, in any way inconsistent with the previous two paragraphs.

Fifth, WRTL-SPAC – not WRTL – challenges Wisconsin's regulatory attribution and disclaimer requirements[35] as applied to WRTL-SPAC's thirty-second radio ads, saying the requirements take up most of the thirty seconds and distract the listeners from WRTL-SPAC's message. The court holds that Wisconsin's **regulatory attribution and disclaimer requirements** are overbroad as applied to radio speech of thirty seconds or fewer.[36] The court grants declaratory judgment and permanently enjoins Defendants from administering or civilly enforcing these requirements against any person, or criminally investigating or prosecuting (or referring for investigation or prosecution) any person under these requirements, for radio speech of thirty seconds or fewer.

---

[33] Wisconsin has no *non*-political-committee reporting requirements. *See Barland-II,* 751 F.3d at 841-42, slip op. at 77-80.

[34] *Id.* at 834, 839, 841, 842, 844, slip op. at 62, 72-73, 77, 79-80, 84.

[35] WIS. ADMIN. CODE § GAB 1.42(5) ("GAB 1.42"); *Barland-II,* 751 F.3d at 816, slip op. at 21. *Barland-II* correctly understands the difference between an "attribution" and a "disclaimer[.]" 751 F.3d at 815-16, slip op. at 21.

[36] *Id.* at 832, 843, slip op. at 57-59, 83.

Sixth, WRTL-SPAC's purely official-capacity challenge to Wisconsin's **twenty-four-hour reporting requirements**[37] is moot, because Wisconsin amended the law in 2014, after the Seventh Circuit oral argument in *Barland-II* and before the Seventh Circuit opinion in *Barland-II,* and changed twenty-four-hour reporting to forty-eight-hour reporting.[38]

Seventh, the court upholds Wisconsin's **oath-for-independent-disbursements requirement,**[39] which WRTL-SPAC also challenged.

Eighth, WRTL and WRTL-SPAC challenged Wisconsin's limit on what organizations spend to solicit contributions to their own political committees[40] as applied to WRTL and WRTL-SPAC, because WRTL-SPAC engages in only independent spending for political speech. However, *Barland-II* strikes the limit facially.[41] The court grants declaratory judgment and permanently enjoins Defendants from administering or civilly enforcing Wisconsin's **limit on what organizations spend to solicit contributions to their own political committees**[42] against any person, or criminally investigating or prosecuting (or referring for investigation or prosecution) any person under this law.

\* \* \*

---

[37] WIS. STAT. § 11.12(5)-(6); *Barland-II,* 751 F.3d at 842-43, slip op. at 80-81.

[38] *Barland-II,* 751 F.3d at 842-43, slip op. at 80-81.

[39] WIS. STAT. § 11.06(7); GAB 1.42(1); *Barland-II,* 751 F.3d at 843, slip op. at 82.

[40] WIS. STAT. § 11.38(1)(a)3.; *Barland-II,* 751 F.3d at 816, slip op. at 22.

[41] *Barland-II,* 751 F.3d at 831, 844, slip op. at 56-57, 83.

[42] Although WRTL and WRTL-SPAC also challenged a corresponding provision, WIS. STAT. § 11.38(1)(b), *Barland-II* addresses only § 11.38(1)(a)3. 751 F.3d at 831, slip op. at 56-57. Because § 11.38(1)(a)3 limits what organizations spend to solicit contributions for their own political committees, and because § 11.38(1)(b), *inter alia,* bans political committees from accepting what § 11.38(1)(a)3 disallows, the facial holding on § 11.38(1)(a)3 provides the necessary relief here. *Cf. id.*

SO ORDERED this 30th day of January 2015.

                BY THE COURT

                /s/ C.N. Clevert, Jr.
                C.N. CLEVERT, JR.
                U.S. DISTRICT JUDGE